JOSEPH RIVELLESE, Appellant, v. MARY A. IARICCI, CITIZENS TRUST COMPANY OF PATCHOGUE, and Others, Defendants, and J. CHARLES ZIMMERMAN, Respondent. — Order denying plaintiff's motion for judgment on the pleadings reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the respondent acquired under the tax sale of 1909 no right or interest superior to plaintiff's lien, but whatever rights he possessed were extinguished by the sale of the tax liens to plaintiff alleged in the complaint. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

· GRACE TROTTA, Respondent, v. DOMINICK A. TROTTA, Appellant.— Order granting motion for alimony *pendente lite* and counsel fee modified by reducing the alimony to $100 a week and the counsel fee to $750 and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES D. BAISLEY and JAMES D. MORRISON, Plaintiffs, v. GUSTAVE C. JOACHIM, JOHN CATALANO and ETHELBERT BENSON, Defendants.— The decision of this court handed down on November 19, 1931, ▆ is hereby amended to read as follows: Upon agreed statement of facts, it is adjudged, without costs, that, under section 48 of the Village Law, as amended by Laws of 1927, chapter 650, the following were duly appointed and are legally entitled to hold the office of assessor of the village of Haverstraw: Charles D. Baisley, for a three-year term beginning on the 7th day of April, 1930; James D. Morrison, for a three-year term beginning on the 1st day of April, 1929; and Ethelbert Benson, for a one-year term beginning on the 6th day of April, 1931. Lazansky, P. J., Carswell, Scudder and Tompkins, JJ., concur; Davis, J., dissents and votes for judgment sustaining the claim of the defendants to the office of assessor, on the ground that the board of trustees has adopted no resolution in conformity with section 48 of the Village Law, as amended; and in making appointments for varying terms it has indicated no purpose to conform to the law and fix a definite term for a given number of assessors. The subsequent action of the trustees in declaring the appointments void disavows any prior intent to adopt a resolution fixing the number and terms of office of those appointed from time to time.

SMITH ALFORD AND SON, INC., Respondent, v. MARTIN L. WIENER CO., INC., and MARTIN L. WIENER, Appellants, Impleaded with Others, Defendants.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

LILLIAN A. BRILL, Appellant, v. AMERICAN SURETY COMPANY, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. Questions to be certified. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ. Settle order on notice.

In the Matter of the Application of DOROTHY FROOKS for Removal from Office of SAMUEL S. PINES, Police Judge of Peekskill, New York.— Proceeding dismissed. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.